## BEARD *et al. v.* ROSENZWEIG.

(In Banc. Feb. 10, 1941.)

[200 So. 261. No. 34286.]

**D. A. Burgin**, of Columbus, for appellants.

Owen & Garnett, of Columbus, and **Will E. Ward**, of Starkville, for appellee.

328

**McGehee, J.**, delivered the opinion of the court.

This suit is brought by the appellee, as a tenant in common of the defendants named in his bill of complaint, to obtain a sale of a certain store building and lot in the City of Columbus and for the partition of the proceeds of such sale, the property not being subject to division in kind. A general demurrer was interposed by the trustee of one of the tenants in common on the ground that the undivided interest of such owner is limited to a life estate under the terms of a last will and testament, made an exhibit to the bill, wherein such interest is bequeathed to the trustee for the use and benefit of the said tenant in common, Brooks P. Beard, a non compos mentis, with full power on the part of the trustee to sell the same or any part thereof, and to execute proper conveyances thereto in order to enable the trustee to expend so much of the income from the bequest and so much of the prin-

cipal thereof as may be necessary for the comfortable support and maintenance of the said non compos mentis; and wherein it is also provided in effect that whatever portion of the bequest, if any, should remain unexpended for such purposes at the death of the said Brooks P. Beard, the same shall descend to his heirs-at-law. The non compos mentis is still alive, but the trustee named in the will having died, a new trustee has been appointed by the court, and it is contended by him that the property is not subject to sale for partition without his consent. A special demurrer was also interposed on the ground that the potential heirs at law of the said non compos mentis, as remaindermen, are not made parties to the suit. Both demurrers were overruled by the court below, and this interlocutory appeal was granted to settle the only legal questions involved, or which could probably arise.

We think that the appellant is in error in contending that there was bequeathed to the trustee for the non compos mentis only a life estate. It is not required under the will that there should be any remainder. The trustee is given full power to sell this undivided interest during the lifetime of the said beneficiary of the trust, Brooks P. Beard. The other tenants in common are entitled, under Sections 2920 and 2924, Code of 1930, to have the property sold in its entirety since the demurrers admit that the same is not subject to partition in kind. Therefore, the decree of the court below in overruling the demurrer was correct.

Affirmed and remanded.